NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued August 4, 2009
Decided August 17, 2009

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 08-3697

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 08-CR-124 |
| STANLEY GATSON, *Defendant-Appellant*. | J.P. Stadtmueller, *Judge.* |

**O R D E R**

Stanley Gatson appeals from his 130-month sentence for bank robbery, arguing only that he should not have received a two-level sentencing enhancement under U.S.S.G. § 3B1.4 for using a minor, his brother, in the commission of the offense because he did not direct the his brother during the offense. However, one who recruits or encourages a minor to commit a crime is subject to the enhancement, and the record leaves no question that Gatson recruited his brother to help in the robbery.

Gatson's girlfriend, Glynnis Greene, worked as a bank teller at North Shore Bank in Milwaukee. She told Gatson that a business owner regularly made large cash deposits on

certain days, and that the bank guard was unarmed.  Gatson then met with several people, including his brother, Jamaal, who was then seventeen years old, to plan a robbery.

On November 13, 2007, Gatson, using Greene's car, drove his brother and the other participants in the robbery to the bank.  Upon arriving at the bank, all except Gatson entered.  Two of the robbers brandished handguns, threatening a security guard, a customer, and the tellers, and the other two, including Jamaal Gatson, collected $90,000 in cash from behind the counter.  The group fled the bank with Stanley Gatson as the getaway driver, and returned to Greene's home to divide up the money.

Police eventually found the robbers through Greene's cellular phone records, and both the Gatson brothers, Greene and the others were charged in the robbery.  Stanley Gatson pleaded guilty to one count of armed bank robbery, *see* 18 U.S.C. § 2113(a), (d), and one count of brandishing a firearm during commission of a crime of violence, *see* § 924(c)(1)(A)(ii).

The probation officer calculated Gatson's offense level for the robbery count as 26, which included a 2-level enhancement for using a minor in the commission of a crime, *see* U.S.S.G. § 3B1.4, because of Jamaal's involvement.  Gatson objected to this enhancement, arguing that he did not "personally use" Jamaal Gatson in the robbery because he did not direct, command, or encourage Jamaal during the commission of the offense.  But the district court denied Gatson's objection, finding that Gatson was the "linchpin" that brought Jamaal Gatson into the crime because it was he who carried out Greene's plan of soliciting the other participants.  The court then adopted the findings in the PSR and sentenced Gatson to 46 months on count one and 84 months on count two, for a total prison term of 130 months.  Gatson now appeals.

On appeal, Gatson renews his argument that the enhancement for using a minor in the commission of a crime should not have applied because he did not "use" Jamaal Gatson to commit the robbery.  As he argued at sentencing, Gatson again urges here that he did not "direct, command, or encourage" Jamaal during the commission of the offense, and that he could not have done so, because he was outside the bank at the time of the robbery.

This argument is without merit.  The district court found that Gatson carried out Greene's plan by soliciting Jamaal and others to participate in the crime.  Gatson did not contest this finding in his brief.  He did contest it at oral argument, but arguments not raised in the brief are waived.  *See Lear v. Cowan*, 220 F.3d 825, 828-29 (7th Cir. 2000).  That finding effectively defeats Gatson's argument.  As the application notes to the guideline explain, "using" a minor to commit a crime includes "directing, commanding, encouraging, intimidating, counseling, training, procuring, recruiting, or soliciting" a minor to commit

the crime.  U.S.S.G. § 3B1.4 App. N. 1.  We have interpreted that language broadly.  *United States v. Ramsey*, 237 F.3d 853, 859 (7th Cir. 2001).  There is no question that by drawing Jamaal into the scheme and explaining the plan for the robbery, Gatson encouraged, counseled, and recruited his brother.

Gatson also argues that it is not enough that he was aware of a minor's participation; he argues that he had to also personally use the minor, and he insists that he could not have personally used Jamaal because he was not even in the bank with him at the time of the robbery.  He cites *United States v. Acosta*, 474 F.3d 999, 1003 (7th Cir. 2007), in which we held that it is not enough that a defendant merely conspired with the minor for the enhancement to apply.  *See also United States v. Calimlim*, 538 F.3d 706, 718 (7th Cir. 2008).  But this case is distinguishable from *Acosta*.  There, the defendant was merely a member of a gang that happened to include minors as members; Acosta herself did not have much personal involvement with the minors.  *Acosta*, 474 F.3d at 1000.  Here, Gatson was not merely a coconspirator of Jamaal's.  He actively brought Jamaal Gatson into the conspiracy and partnered with him and the others.  He himself employed Jamaal to commit the crime.  Furthermore, the fact that they were physically separated during the robbery is irrelevant because Gatson had already encouraged, counseled, and recruited Jamaal to commit the robbery by the time it happened.  *See United States v. Brazinskas*, 458 F.3d 666, 666-67 (7th Cir. 2006) (applying § 3B1.4 enhancement even though only defendant, and not minor, entered bank during robbery).

Accordingly, the judgment of the district court is **AFFIRMED**.